Jose Z. Marin (SBN 291457)
2501 Bryant Street
San Francisco, California 94110
Telephone: (415) 527-0057
Facsimile: (866) 561-4546
Jose@JoseMarinLaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA REYES BRACAMONTE,<br><br>Plaintiff,<br><br>vs.<br><br>1049 MARKET STREET LLC, 1067 MARKET STREET LLC, JOHN GALL, TERRY L. BOGART (DBA S.F. OFFICE LOFTS), RICHARD LANE (DBA S.F. OFFICE LOFTS), CARRY LANE (DBA S.F. OFFICE LOFTS), AND DOES 1 THROUGH 10,<br><br>Defendants.<br><br>DEMAND FOR JURY TRIAL | Case No.<br><br>COMPLAINT FOR:<br><br>1. **VIOLATION OF CAL. LABOR CODE § 226.8, WILLFUL MISCLASSIFICATION OF EMPLOYEES AS INDEPENDENT CONTRACTORS;**<br><br>2. **FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FLSA, 29 U.S.C. § 207;**<br><br>3. **FAILURE TO PAY STATE PREMIUM WAGES IN VIOLATION OF CAL. LABOR CODE §§ 204, 510, 1194 AND WAGE ORDER;**<br><br>4. **FAILURE TO PAY PREMIUM PERIOD WAGES IN VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512;**<br><br>5. **VIOLATION OF CAL. LABOR CODE § 221, UNLAWFUL DEDUCTIONS;**<br><br>6. **PENALTIES PURSUANT TO CAL. LABOR CODE § 225.5;**<br><br>7. **VIOLATION OF CAL. LABOR CODE § 204, PAYMENT OF WAGES;**<br><br>8. **PENALTIES UNDER CAL. LABOR CODE § 210;**<br><br>9. **FAILURE TO REIMBURSE EMPLOYEE FOR EXPENESES IN VIOLATION OF CAL. LABOR CODE § 2802;** |

**10. FAILURE TO COMPLY WITH ITEMIZED WAGE STATEMENT PROVISIONS AND PAYROLL RECORDS IN VIOLATION OF CAL. LABOR CODE §§ 226 AND 1174;**

**11. VIOLATION OF UNFAIR COMPETITION LAW FOR FAILURE TO COMPLY WITH RECORD KEEPING REQUIREMENTS UNDER 29 U.S.C. § 211 AND CAL. BUS. & PROF. CODE §§ 17200 et seq.;**

**12. FAILURE TO PROVIDE "PAID SICK LEAVE" IN VIOLATION OF SAN FRANCISCO ADMINISTRAIVE CODE §§ 12W et seq.;**

**13. PENALTIES PURSUANT TO SAN FRANCISCO ADMINISTRATIVE CODE § 12W.8.(c);**

**14. FAILURE TO PAY ALL WAGES UPON TERMINATION OF EMPLOYMENT RELATIONSHIP IN VIOLATION OF CAL. LABOR CODE §§ 201 AND 203;**

**15. PENALTIES PURSUANT TO CAL. LABOR CODE § 226(f) FOR FAILURE TO PERMIT FORMER EMPLOYEE TO INSPECT OR COPY EMPLOYMENT RECORDS; AND**

**16. UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW UNDER CAL. BUS. & BUS. PROF. CODE §§ 17200 et seq.**

## I.   INTRODUCTION

1.   Plaintiff GABRIELA REYES BRACAMONTE  ("PLAINTIFF" or "MS. REYES") brings this action against 1049 MARKET STREET LLC, 1067 MARKET STREET LLC, JOHN GALL, TERRY L. BOGART (DBA S.F. OFFICE LOFTS), RICHARD LANE (DBA S.F. OFFICE LOFTS), CARRY LANE (DBA S.F. OFFICE LOFTS), AND DOES 1 THROUGH 10 ("DEFENDANTS") for willful misclassification of employees as independent contractors, failure to

pay overtime and double time, failure to pay for all hours worked, failure to pay for sick leave, failure to provide semimonthly itemized pay statements, and failure to provide for lunch period premiums. MS. REYES alleges that the violations herein result from DEFENDANTS' unlawful policies, practices and common conduct, or failing to prevent such violations. The allegations made herein are based on MS. REYES' personal knowledge, except those allegations asserted on information and belief, which are based on a reasonable investigation under the circumstances.

2.   As a result of the violations described herein, MS. REYES seeks to recover unpaid wages and all available remedies under the FLSA, the California Labor Code and the Wage Orders of the Industrial Welfare Commission ("IWC").  MS. REYES also seeks penalties and/or wages for failure to pay all wages owed upon termination, failure to provide accurate, itemized wage statements, failure to provide records, and for violations of the California Labor Code and IWC Wage Order provisions as described herein.

3.   DEFENDANTS' failure to pay all wages owed, to maintain accurate records, and to provide accurate itemized wage statements is unlawful, contrary to the public policy of the State of California and constitutes a violation of California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.*

4.   MS. REYES has suffered injury in fact and loss of property as a result of DEFENDANTS conduct. Pursuant to the UCL, MS. REYES seeks restitution and injunctive relief requiring compliance with all applicable wage and hour laws and regulations in the future and preventing the unlawful and unfair business practices complained of herein.  MS. REYES also seeks declaratory relief enumerating all wage and hour violations so that DEFENDANTS and the general public will have clarity and guidance as to DEFENDANTS' future employment practices.

## II.  JURISDICTION AND VENUE

5.   This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Section 16(b) of the FLSA regarding overtime wages (29 U.S.C. § 216(b)), and Section 11 of the FLSA regarding recordkeeping requirements (29 U.S.C. § 211).

6.   This Court has supplemental jurisdiction over the California state-law claims pursuant 28 U.S.C. § 1367, because the state claims are so related to the federal claims and all claims arise from a common nucleus of facts that they form part of the same case and controversy under Article III of the U.S. Constitution.

7.   This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8.   Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, because this District is the district in which DEFENDANTS reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## INTRADISTRICT ASSIGNMENT

9.   This case is properly assigned to the San Francisco Division of this Court because the action largely arises from events and omissions that occurred in San Francisco County.

## III.  PARTIES

**PLAINTIFF**

10. MS. REYES has been San Francisco City and County resident for approximately fifteen (15) years. For over (15) fifteen years, MS. REYES has made a living cleaning, including DEFENDANTS' residential rental buildings located in San Francisco for the last thirteen (13) years. Among other tasks, MS. REYES wiped and scrubbed the buildings' walls, mopped and swept the halls' floors, vacuumed carpets, dusted off different areas in the building, swept and mopped the bathroom floors, cleaned the bathroom stalls and sinks, and restocked them with toilet paper and paper towels. She also took the trash out, and performed other cleaning work for DEFENDANTS.

11. MS. REYES was promised to be paid $13.00 per hour semimonthly, which was barely enough to pay for her basic living expenses, including rent that she paid to DEFENDANTS in an amount up to $1200 per month for a one bedroom apartment. However, within the last few years, there were many occasions in which DEFENDANTS took over a month to make any payment of her wages. To make ends meet, MS. REYES regularly worked over eight hours per day or forty hours per

week, and, routinely worked seven continuous days without receiving any overtime or double time payment. DEFENDANTS also required and permitted MS. REYES to do other non-related work during her time "off" without compensation and did not reimburse her for expenses she made when purchasing some cleaning supplies when DEFENDANTS ran out of supplies. For example, she was asked to change light bulbs, and mop up water leaks, without direct compensation. When she asked to be paid for these services, she was told that it was being deducted from her pay because she was paying below the rental market value of her apartment. She also remembers having to pay for a vacuum cleaner that DEFENDANTS purchased at Costco.

12. There were several occasions, within the last four years, in which MS. REYES asked for time off due to illness. However, DEFENDANTS did not pay her for these missing hours of work and told her to find someone else to do her work if she was too ill to come in.

13. MS. REYES claims that DEFENDANTS pressured her into moving out of her apartment that she was renting from DEFENDANTS, which is located at 445 Octavia Street, San Francisco. MS. REYES moved out in the beginning of August, 2013, but does not remember the exact date. Upon MS. REYES vacating DEFENDANTS' premises, DEFEDANTS fired her without notice. However, upon firing MS. REYES, DEFENDANTS did not pay her all moneys owed, including overtime, doubletime, reimbursement, sick leave or meal premiums. MS. REYES did not receive wage statements showing how DEFENDANTS calculated her pay or any deductions. MS. REYES is an aggrieved employee and has suffered injury, which includes money or property.

**DEFENDANTS**

14. The following allegations as to DEFENDANTS are made on information and belief and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

15. MS. REYES is informed and believes and thereon allege that DEFENDANT 1049 MARKET STREET LLC ("1049") is a Limited Liability Company ("LLC"), which operates rental buildings in San Francisco, which include buildings located at 1005 Market Street, 1049 Market Street, 1067 Market Street, and 445 Octavia Street.

16. MS. REYES is informed and believes and thereon allege that DEFENDANT 1067 MARKET STREET LLC ("1067") is an LLC, which operates rental buildings in San Francisco, which include buildings located at 1005 Market Street, 1049 Market Street, 1067 Market Street, and 445 Octavia Street.

17. MS. REYES is informed and believes and thereon allege that DEFENDANT JOHN GALL is an LLC member, organizer, and manager who operates rental buildings in San Francisco, which include buildings located at 1005 Market Street, 1049 Market Street, 1067 Market Street, and 445 Octavia Street.

18. MS. REYES is informed and believes and thereon allege that DEFENDANT TERRY L. BOGART (DBA S.F. OFFICE LOFTS), is or was during the period of allegations of violations set forth, an LLC member, organizer, and manager who operates rental buildings in San Francisco, which include buildings located at 1005 Market Street, 1049 Market Street, 1067 Market Street, and 445 Octavia Street.

19. MS. REYES is informed and believes and thereon allege that DEFENDANT PEGGY BOGART (DBA S.F. OFFICE LOFTS), is or was during the period of allegations of violations set forth, an LLC member and organizer, and manager who operates rental buildings in San Francisco, which include buildings located at 1005 Market Street, 1049 Market Street, 1067 Market Street, and 445 Octavia Street.

20. MS. REYES is informed and believes and thereon allege that RICHARD LANE (DBA S.F. OFFICE LOFTS) is, or was during the period of allegations of violations set forth, an LLC member and organizer, and manager who operates rental buildings in San Francisco, which include buildings located at 1005 Market Street, 1049 Market Street, 1067 Market Street, and 445 Octavia Street.

21. MS. REYES is informed and believes and thereon allege that CARRY LANE (DBA S.F. OFFICE LOFTS) is, or was during the period of allegations of violations set forth, an LLC member and organizer, and manager who operates rental buildings in San Francisco, which include buildings located at 1005 Market Street, 1049 Market Street, 1067 Market Street, and 445 Octavia Street.

# IV. FACTUAL ALLEGATIONS

22. DEFENDANTS employed MS. REYES to performed cleaning services at their residential rental apartments located in San Francisco.

23. During the relevant time, DEFENDANTS did not compensate MS. REYES for all her hours worked, as defined under California and federal law.

24. DEFENDANTS did not keep accurate records of MS REYES' hours worked and of her meal breaks. This has made it difficult for MS. REYES to calculate the amount of wages owed.

25. The violations alleged herein spring from DEFENDANTS' willful conduct and policies, including DEFENDANT'S policy or practice of:

a. requiring or suffering or permitting MS. REYES to perform, among others, housekeeping services before or after the shift that are part of their principal activities but not paying her for such work or the time spent performing these activities, in violation of federal and state law;

b. exercising control over MS. REYES or suffering and permitting her to work during time off, in violation of state law;

c. failing to relieve MS. REYES of all duty so that she could take all meal breaks to which she was entitled and to take them at the times mandated by statute, in violation of state law;

d. refusing to pay for known overtime or doubletime worked, in violation of federal and state law;

e. failing to record all hours worked and to maintain proper work records, in violation of federal and state law;

f. failing to provide accurate wage statements indicating all wages earned, hours worked and correct wage rates, in violation of federal and state law;

g. failing to reimburse employees for work expenses, in violation of state law;

h. failing to pay all wages owed upon the termination of the employment relationship, in violation of state law;

i. failing to comply with MS. REYES' request for records pursuant to Labor

Code 226(c);

      j.   failing to provide "paid sick leave" accumulated throughout her employment with DEFENDANTS, in violation of the San Francisco Administrative Code § 12W *et seq.*

    26. DEFENDANTS also committed the following wage and hour violations:

      a.   Willful failure to pay overtime wages in violation of the FLSA, entitling MS. REYES to recover unpaid wages and liquidated damages;

      b.   failure to abide by the recordkeeping requirements of the FLSA by not maintaining accurate records of hours worked and wages earned, in violation of the Unfair Competition Law;

      c.   failure to pay premium wages in violation of California Labor Code §§ 204, 510, 1194 and 1197, and in violation of the applicable IWC Wage Order(s);

      d.   failure to comply with California Labor Code §§ 204, 1194, 1194.2 and 1197, as well as the applicable Wage Order(s), by failing to pay minimum wages;

      e.   failure to comply with California Labor Code §§ 201 and 203 by no paying all wages owed immediately upon termination or layoff;

      f.   failure to comply with California Labor Code §2802 by not reimbursing for necessary job expenses;

      g.   failure to comply with California Labor Code § 226 not providing wage statements accurately listing all hours worked, applicable pay rates or gross or net wages earned;

      h.   failure to comply with Labor Code § 226 by not providing records upon reasonable request, entitling MS. REYES to penalties and injunctive relief;

      i.   failure to comply with California Labor Code § 226, the applicable Wage Order(s) and the FLSA not maintaining time and payroll records showing, among other things, all hours worked and beginning and ending of work and meal periods;

      j.   violation of the UCL as a result of infringing on PLAINTIFF'S rights to wages and accurate time and payroll records as described in (a) through (g) above; and

      k.   violation of San Francisco Administrative Code § 12W by failing to provide

paid "sick leave" to PLANITIFF when MS. TORRES was absent from work due to health reasons.

27. Pursuant to California Business and Professions Code § 17208 and case-law, the statute of limitations for an action to recover wages at issue is four years.

## V.  CLAIMS FOR RELIEF

### *FIRST CLAIM*

WILLFUL MISCLASSIFICATION AS INDEPENDENT CONTRACTOR
(Cal. Lab. Code § 226.8)

28. MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

29. DEFENDANTS willfully and intentionally misclassified MS. REYES as an independent contractor in violation of Cal. Lab. Code § 226.8.

30. Under California Labor Code §§ 2750.5, 3357, workers are presumed to be employees.

31. DEFENDANTS exercised complete control over the way in which MS. REYES completed her job, how it was completed, when it was completed, where it was completed.

32. DEFENDANTS supervised MS. REYES.

33. MS. REYES was an employee whose work was a part of the day-to-day operation of DEFENDANTS' business and was coordinated with such business and the success of the business depended upon her work being done.

34. MS. REYES has worked for DEFENDANTS for approximately thirteen (13) years.

35. DEFENDANTS set MS. REYES' hours of work.

36. MS. REYES had to work at the DEFENDANTS' place of business.

37. MS. REYES was paid on set dates in regular amounts.

38. DEFENDANTS provided tools and materials needed to complete the work.

39. MS. REYES had no investment in the facilities DEFENDANTS use in their business.

40. MS. REYES was paid a set wage.

41. MS. REYES did not work for anyone else.

42. MS. REYES and DEFENDANTS had an at will employment relationship.

43. MS. REYES did not offer her services separately from the DEFENDANTS.

44. MS. REYES was performing tasks that required little skill or expertise.

45. WHEREFORE, MS. REYES requests relief as described herein and below.

## SECOND CLAIM

### FAILURE TO PAY OVERTIME WAGES
(Fair Labor Standards Act, 29 U.S.C. § 207(a))

46. MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

47. DEFENDANTS intentionally and willfully violated MS. REYES' rights under the FLSA, 29 U.S.C. § 207(a), by failing to pay MS. REYES at the overtime rate of not less than one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in any given workweek.

48. The violations of FLSA resulted from DEFENDANTS' practice of not compensating MS. REYES for all "hours worked," within the meaning of the FLSA. As a result, MS. REYES was not compensated at the required overtime rate for hours worked in excess of 40 hours per week.

49. MS. REYES is therefore entitled to recover unpaid overtime wages in amounts to be proven at trial, as well as an equal amount in liquidated damages and reasonable attorneys fees and costs pursuant to 29 U.S.C. § 216(b).  MS. REYES may also assert this claim for wages pursuant to California Business and Professions Code §§ 17200 et seq.

50. WHEREFORE, MS. REYES requests relief as described herein and below.

## THIRD CLAIM

### FAILURE TO PAY STATE PREMIUM WAGES
(Labor Code §§ 204, 510, 1194 & Wage Order(s))

51. MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

52. Labor Code § 510(a) establishes the eight (8) hour workday and 40 hour workweek, and provides that work in excess of eight (8) hours in one day or 40 hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay ("overtime rate"). It also establishes that work in excess of twelve (12) hours in one day or 60 hours in one week is to be compensated at double (2) the regular rate of pay ("doubletime rate"). Wage Order 5, which is authorized under California Labor Code § 1185 and applies to the public housekeeping industry, further establishes

that work in excess of 12 hours in a workday or eight hours on the seventh consecutive workday is to be compensated at the doubletime rate.

53. As described herein, DEFENDANTS violated or caused to be violated California Labor Code § 510 and the applicable Wage Order(s) by exercising control over MS. REYES or suffering or permitting MS. REYES to work in excess of eight (8) hours in a workday and 40 hours in a workweek without paying the required overtime rate, and requiring MS. REYES to work more than twelve (12) hours in a workday or more than six (6) hours on the seventh consecutive workday without paying MS. REYES at the double-time rate. DEFENDANTS' enforced a policy or practice of not compensating MS. REYES for all "hours worked" within the meaning of the wage orders, and by failing to compensate when the wages were due, pursuant to Labor Code §204.

54. MS. REYES may enforce these provisions pursuant to Labor Code § 1194(a) and Business and Professions Code §§ 17200 et seq.

55. California Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

56. As a result, MS. REYES is entitled to the unpaid balance of the full amount, to be proven at trial, of overtime or double-time compensation owed, as well as interest, reasonable attorney's fees and costs of suit.

57. WHEREFORE, MS. REYES requests relief as described herein and below, including unpaid wages, interest, attorney's fees and cost of suit.

### *FOURTH CLAIM*

### FAILURE TO PAY STATE MINIMUM WAGES
(Cal. Lab. Code §§ 204, 1197, 1194(a), 1194.2 & Wage Order(s))

58. MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

59. California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

60. The applicable minimum wage set by the IWC in the Wage Orders was $8.00 per hour effective January 1, 2008.

61. MS. REYES was not paid at least at the minimum wage rates set by the IWC for all hours worked. In particular, MS. REYES was not compensated at all for some hours worked, including work performed during off-duty time.

62. MS. REYES was not paid these wages when due as required by Labor Code § 204, and have not been paid to date. The violation of California's minimum wage law was substantial and occurred regularly.

63. The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194 and California Business and Professions Code §§ 17200 et seq. Section 1194(a) states:

> [A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

64. As such, MS. REYES may bring this action for minimum wages, interest, costs of suit and attorney's fees against DEFENDANTS.

65. As described in California Labor Code § 1194.2, any action for minimum wage incorporates the applicable wage order of the IWC and is subject to liquidated damages for unpaid wages.

66. California Labor Code § 1194.2 provides that:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

67. As described herein, this is an action under California Labor Code § 1194 to recover wages, in amounts to be proven at trial, on account of DEFENDANTS' acts or omissions violating or

causing violations of California Labor Code §§ 1197, 1194(a) and 1194.2 and the applicable Wage

Order(s). MS. REYES is also entitled to liquidated damages in an amount equal to the wages

unlawfully unpaid for any minimum wage violation.

68. WHEREFORE, MS. REYES request relief as described herein and below, including

unpaid wages, interest, attorney's fees and cost of suit.

*FIFTH CLAIM*

PREMIUM PERIOD WAGES
(Cal. Lab. Code §§ 226.7, and 512)

69. MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

70. MS. REYES allege that DEFENDANTS failed to relieve them of all duty for meal breaks

as required by law.

71. The meal period provision of the IWC Wage Orders state:

(a) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(b) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

72. MS. REYES worked for periods of more than five hours without a duty-free meal period

of no less than 30 minutes. MS. REYES was not relieved of all duty but actually required to work, or

pressured to work in order to complete her tasks within the require time, or discouraged from taking

meal breaks through press of work.

73. DEFENDANTS failed to pay additional wages for untimely meal periods and for meal periods that were not provided.

74. MS. REYES was never compensated by DEFENDANTS an additional hour of pay for missed, untimely meal periods.

75. WHEREFORE, MS. REYES is entitled to recover the full amount of his unpaid meal period wages, interest thereon, reasonable attorney's fees and cost of suit.

*SIXTH CLAIM*

UNLAWFUL DEDUCTIONS
(Cal. Lab. Code §§ 221 and 225.5)

76.     MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

77.     DEFENDANTS did not pay MS. REYES for some of the work done, including changing light bulbs, mopping leaked water, among others.

78.     DEFENDANTS told MS. REYES that DEFENDANTS would not pay for these tasks because her rent was under market value. Thus, DEFENDANTS deducted part of the rent from her paycheck.

79.     California Labor Code Section 221 states:

It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

80.     California Labor Code Section 225.5 states:

[E]very person who unlawfully withholds wages due any employee in violation of Section . . . 221 . . . shall be subject to a civil penalty as follows:

(a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
(b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

81. WHEREFORE, MS. REYES is entitled to recover the full amount of her unlawfully withheld wages, one hundred dollars ($100) for her first violation, and two hundred dollars ($200) for

- 14 -

each subsequent violation, plus, 25 of the amount unlawfully withheld as described below.

## SEVENTH CLAIM

### UNTIMELY PAYMENT OF WAGES
(Cal. Lab. Code §§ 204 and 210)

82.   MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

83.   DEFENDANTS did not pay MS. REYES twice a month.

84.   California Labor Code §§ 204 states:

(a) All wages . . . are due and payable twice during each calendar month . . . .

85.   California Labor Code §§ 210 states:

(a) [E]very person who fails to pay the wages of each employee as provided in Sections . . . 204 . . . , shall be subject to a civil penalty as follows:

 (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

 (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

86.   WHEREFORE, MS. REYES is entitled to recover one hundred dollars ($100) for her first violation, and two hundred dollars ($200) for each subsequent violation, plus, 25 percent of the amount unlawfully withheld as described below.

## EIGHTH CLAIM

### REIMBURSEMENT OF EXPENSES
(Cal. Lab. Code § 2802)

87.   MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

88.   With the knowledge of DEFENDANTS, MS. REYES made purchases for her own cleaning supplies to perform their work and was not reimbursed for such expenses.

89.   California Labor Code Section 2802 provides in pertinent part:

a) An employer shall indemnify his or her employee for all necessary expenditures or losses

incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

* * *

b) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

90.     MS. REYES was not reimbursed by DEFENDANTS for purchase of cleaning supplies. These expenses were necessary to carry out MS. REYES' work duties.

91.     WHEREFORE, MS. REYES is entitled to recover the full amount of their expenses, reasonable attorney's fees and cost of suit.

## NINTH CLAIM

### FAILURE TO COMPLY WITH ITEMIZED WAGE STATEMENT PROVISIONS
(Cal. Lab. Code § 226)

92.     MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

93.     California Labor Code § 226(a) requires that employees be provided accurate itemized wage statements containing gross and net wages earned, total hours worked and applicable wage rates.

94.     MS. REYES was not provided "accurate itemized statements" within the meaning of California Labor Code § 226, because the wage statements:

a.   Omitted the gross wages earned due to the failure to pay for all hours worked;

b.   Omitted state the total hours worked;

c.   Omitted state the net wages earned due to the failure to pay for all hours worked; and

d.   Omitted the applicable hourly rates.

95.     California Labor Code § 226(e) and (g)  provide that employees may recover fifty dollars ($50) for an initial violation and one hundred dollars ($100) thereafter up to four thousand

dollars ($4,000), costs and reasonable attorney's fees for violating the obligation to provide a proper, itemized wage statement. Additionally, an employee may seek injunctive relief to ensure compliance with this requirement under the UCL.

96.     By failing to keep adequate time records required by Labor Code § 226, DEFENDANTS have injured MS. REYES and made it difficult to calculate the unpaid wages due to her, and is entitled to up to $4,000.00 in penalties.

97.     WHEREFORE, MS. REYES seeks relief as described herein and below, including penalties in an amount to be determined at trial not to exceed $4,000, and cost of suit and attorneys fees.

### *TENTH CLAIM*

VIOLATION OF UNFAIR COMPETITION LAW FOR FAILURE TO COMPLY WITH FEDERAL RECORD KEEPING REQUIREMENTS
(29 U.S.C. § 211 and Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

98.     MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

99.     DEFENDANTS engaged in unlawful activity prohibited by Business and Professions Code §§17200 et seq. DEFENDANTS' alleged actions within this complaint, constitute unlawful and unfair business practices with the meaning of Business and Professions Code §§ 17200 et seq.

100.     DEFENDANTS have unlawfully failed to preserve accurate records as required by 29 USC § 211 and regulations under 29 C.F.R. § 516.1 et seq. (including but not limited to 29 C.F.R. §§ 516.2, 516.6 and 516.12). As alleged in this complaint, MS. REYES was not paid all wages earned. Her wage statements did not include the applicable pay rate or the straight, overtime or double time wages earned. Nor did such records include the hours worked. These failures constitute violations of 29 C.F.R. §§ 516.1 et seq.

101.     DEFENDANTS' activities also constitute unfair practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., because DEFENDANTS' practices violate the above noted federal laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and injurious to MS. REYES.

102.    As a result of DEFENDANTS' practices and violations of the Labor Code, MS. REYES has suffered injury-in-fact and has lost money or property.  This injury-in-fact and loss of money or property consists of the lost wages, increased litigation costs, and attorney fees in correcting these violations.  A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in DEFENDANTS' control.  MS. REYES is entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law.

103.    As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of MS. REYES. DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to MS. REYES, pursuant to Business and Professions Code § 17203, the wrongfully withheld wages.  MS. REYES is informed and believes, and thereon allege, that DEFENDANTS are unjustly enriched through their failure to pay legal wages, and/or other remedies.  MS. REYES is informed and believes, and thereon allege, that she has been prejudiced by DEFENDANTS' unfair trade practices.

104.    As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, MS REYES is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from her.

105.    WHEREFORE, MS. REYES requests relief as described herein and below.

### *ELEVENTH CLAIM*

**FAILURE TO PAY MS. REYES "SICK LEAVE"**
(San Francisco Administrative Code, §§ 12W *et seq.*)

106.    MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

107.     On information and belief, at all times, MS. REYES alleges that DEFEDANTS failed to comply with the San Francisco Administrative Code § 12W et seq. ("Sick Leave Ordinance").

108.    The Sick Leave Ordinance requires employers to provide employee with paid sick

leave if the employees have been employed for over 90 days.

109.    Employees accumulate one (1) hour of paid sick leave for every 30 hours they work.

110.    Section 12W.4 of the Sick Leave Ordinance allows employees to use their accrued sick leave due to illness or other reasons and pursuant to section 12W.4(e)

111.    Section 12W.5(b) requires every employer to post a notice informing employees of their rights under this ordinance and to maintain records documenting hours worked by employees and paid sick leave taken by employee, for a period of four years.

112.    If the employer does not retain adequate records, it is presumed that the employer has violated the Sick Leave Ordinance, absent clear and convincing evidence.

113.    MS. REYES has not been paid for the hours she was absent to work as permitted by the Sick Leave Ordinance.

114.    DEFENDANTS also failed to post a notice of the employees rights as required by the Sick Leave Ordinance.

115.    MS. REYES is thus entitled to legal and equitable relief as may be appropriate, to include back pay, penalties, interests and attorney's fees under Section 12W.8(c) of the San Francisco Administrative Code.

116.    WHEREFORE, MS. REYES requests relief as described below.

## *TWELFTH CLAIM*

FAILURE TO PAY ALL WAGES UPON TERMINATION OF THE EMPLOYMENT
RELATIONSHIP
(California Labor Code §§ 201 & 203)

117.    MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

118.    California Labor Code Section 201(a) states:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

119.    DEFENDANTS willfully failed to timely pay MS. REYES all of their wages due upon discharge, whether by termination, layoff or resignation.  As a result, DEFENDANTS violated

or caused to be violated California Labor Code §§ 201 and 202.

120.    California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

121.    As noted above, DEFENDANTS violated or caused to be violated California Labor Code §§ 201 and 202 by failing willfully to pay MS. REYES all of the wages due upon discharge in conformance with the timelines provided in those sections.

122.    MS. REYES is entitled to compensation for all wages earned but has not been paid to this day, as described above. Therefore, MS. REYES is entitled to penalties under California Labor Code § 203.

123.    More than 30 days have passed since DEFENDANTS fired MS. REYES without payment of all minimum, overtime, double-time, meal period or vacation wages owed to her, in violation of Labor Code §§ 201, 202 and 203. As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, MS. REYES is entitled to 30 days' wages as a premium wage or penalty under California Labor Code § 203.

124.    WHEREFORE, MS. REYES requests relief as described herein and below.

## *THIRTEEN CLAIM*

### FAILURE TO FORMER EMPLOYEE TO INSPECT OR COPY EMPLOYEE RECORDS
#### (Cal. Labor Code §§ 226(a), (b), (c), (f) and (h))

125.    MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

126.    California Labor Code § 226(c) states:

> An employer who receives a written or oral request to inspect or copy records. . . pertaining to a . . . former employee shall comply with the request . . . no later than 21 calendar days from the date of the request . . . .

127.    California Labor Code § 226(f) states:

A failure by an employer to permit a . . . former employee to inspect or copy records within the time set forth in subdivision (c) entitles the . . . employee . . . to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

128.    California Labor Code § 226(h) states:

An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

129.    MS. REYES sent a written request for a copy of her employee records. DEFEDANTS never permitted any access within 21 days.

130.    MS. REYES is bringing action for injunctive relief to ensure DEFENDANTS comply with this section.

131.    MS. REYES is entitled to an award of costs and reasonable attorney's fees.

### *FOURTEENTH CLAIM*

UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW
(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

132.    MS. REYES incorporates all preceding paragraphs as though fully set forth herein.

133.    On information and belief, and at all relevant times, MS. REYES alleges that DEFENDANTS, by and through policies and practices, engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 et seq., including the following:

a.    failing to compensate MS. REYES for all hours worked by, for example, improperly recording or failing to record hours worked,  not paying or improperly paying for work beyond eight hours in a workday or 40 hours in a week, in violation of state minimum wage laws and state and federal overtime laws;

b.    failing to provide meal periods or compensation in lieu thereof, in violation of sate law;

c.    failing to pay all wages owed timely upon termination of the employment relationship,  in violation of state law;

d.   failing to provide accurate itemized wage statements stating all hours worked, all applicable pay rates, or all gross and net wages earned, in violation of state law; and

e.   failing to maintain records showing when MS. REYES began and ended each work period and meal period, or showing total daily hours worked or all wages earned, in violation of federal and state law; and

f.   failing to comply with MS. REYES' reasonable request for records under Labor Code §226.

134.   DEFENDANTS' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 et seq.  MS. REYES has suffered injury in fact and has lost money or property as a result of such unfair competition.

135.   MS. REYES is entitled to an injunction and other equitable relief against DEFENDANTS for such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

136.   As a result of DEFENDANTS' unlawful acts described herein, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of MS. REYES. DEFENDANTS should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to MS. REYES the wrongfully withheld wages, pursuant to Business and Professions Code § 17203, as well as to enforce penalty provisions pursuant to § 17202.

137.   MS. REYES is informed and believes, and thereon allege, that DEFENDANTS have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. MS. REYES is and has been prejudiced by DEFENDANTS' unfair trade practices.

138.   As a direct and proximate result of DEFENDANTS' unfair business practices, MS. REYES is entitled to equitable and injunctive relief from DEFENDANTS, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from them.

139.   As a direct and proximate result of DEFENDANTS' unfair business practices, MS.

REYES is entitled, in accordance with Business and Professions Code § 17202, to enforcement of penalties resulting from the business acts and practices described herein.

140.    WHEREFORE, MS. REYES request relief as described herein and below and as deemed just and proper by this Court.

## VI. **PRAYER**

WHEREFORE, MS. REYES pray for judgment against DEFENDANTS and each of them as follows:

As to the First Claim:

a.  An order that DEFENDANTS display prominently on its Internet Web site, or in an area which is accessible to all employees and the general public, a notice setting forth the following:

i.   That this Court has found that the DEFENDANTS have committed a serious violation of the law by engaging in the willful misclassification of employees;

ii.  That the DEFENDANTS have changed their business practices in order to avoid committing further violations of this section;

iii. That any employee who believes that he or she is being misclassified as an independent contractor may contact the Labor and Workforce Development Agency with the agency's mailing address, email address, and telephone number;

iv.  That the notice is being posted pursuant to a court order;

v.   That such notice, prepared by DEFENDANTS, be signed by an officer of the Labor and Workforce Development Agency; and

vi.  That the notice be posted for one year commencing with the date of the final decision and order.

As to the Second Claim:

       a.  For payment of unpaid overtime and payment of liquidated damages pursuant to FLSA.

       b.  For attorney's fees and cost of suit.

As to the Third Claim:

       a.  For the full payment of legal overtime compensation and double-time wages pursuant to the California Labor Code and Wage Orders.

       b.  For interest, attorney's fees and cost of suit.

As of the Fourth Claim:

       a.  For unpaid minimum wages and liquidated penalties pursuant to Labor Code § 1194 and 1194.2.

       b.  For interest, attorney's fees and cost of suit.

As to the Fifth Claim:

       a.  For payment of one additional hour of pay at MS. REYES' regular rate of compensation for each workday that a meal period was not provided.

As to the Sixth Claim:

       a.  For payment of the full amount of her unlawfully withheld wages.

       b.  For one hundred dollars ($100) for the first violation.

       c.  For two hundred dollars ($200) for each subsequent violation.

       d.  For twenty-five percent (25%) of the amount unlawfully withheld.

       e.  For attorney's fees and cost of suit.

As to the Seventh Claim:

       a.  For one hundred dollars ($100) for the first violation.

       b.  For one hundred dollars ($100) for the first violation.

       c.  For two hundred dollars ($200) for each subsequent violation.

       d.  For twenty-five percent (25%) of the amount unlawfully withheld.

       e.  For attorney's fees and cost of suit.

As to the Eighth Claim:

      a.  For reimbursement of MS. REYES' expenses.

      b.  For attorneys' fees, costs and interest on wages, pursuant to CCP § 1021.5.

As to the Ninth Claim:

      a.  A penalty of four thousand dollars ($4,000).

      b.  For an award of injunctive relief ordering DEFENDANTS to comply with Labor Code § 226 and FLSA record-keeping requirements.

      c.  For further equitable relief according to proof.

      d.  For interest, attorney's fees and cost of suit.

As to the Tenth Claim:

      a.  For an award of a preliminary and permanent injunction ordering DEFENDANTS to cease the unlawful and unfair business practices as herein alleged.

      b.  For restitution to MS. REYES in amounts to be proven at trial.

      c.  For declaratory and other injunctive relief as the Court deems proper.

      d.  For enforcement and an award of penalties to MS. REYES in amounts to be proven at trial.

As to the Eleventh Claim:

      a.  For the payment of all sick leave unlawfully withheld.

      b.  For the payment of an additional sum as liquidated damages in the amount of fifty  ($50.00) for each hour unlawfully withheld.

      c.  For the payment of the dollar amount of each hour of sick leave unlawfully withheld multiplied by three (3).

      d.  For interest, attorney's fees and costs.

As to the Twelfth Claim:

      a.  For waiting time penalties pursuant to Labor Code § 203.

      b.  For attorneys' fees and costs, pursuant to CCP § 1021.5.

As to the Thirteenth Claim:

    a.  For penalties, injunctive relief and all other available remedies pursuant to Labor Code 226(f) and 226(h).

    b.  For attorney's fees and cost of suit, pursuant to Labor Code § 226(h).

As to the Fourteenth Claim:

    a.  For an award of a preliminary and permanent injunction ordering DEFENDANTS to cease the unlawful and unfair business practices as herein alleged.

    b.  For restitution to MS. REYES in amounts to be proven at trial.

    c.  For declaratory and other injunctive relief as the Court deems proper.

    d.  For enforcement and an award of penalties to MS. REYES in amounts to be proven at trial.

As to All Claims:

    a.  For costs of suit herein generally and pursuant to California Code of Civil Procedure §1021.5.

    b.  For an award of pre-judgment interest as authorized under the law.

    c.  For an award of post-judgment interest as authorized under the law.

    d.  For attorneys' fees under Labor Code §§ 226, 1194, 2699(g)(1) & California Code of Civil Procedure § 1021.5.

    e.  For such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

MS. REYES hereby demands trial of her claims by jury to the extent authorized by law.

Dated:

By:   */s/ Jose Z. Marin*
        Jose Z. Marin
        Marco A. Palau
        Attorneys for Plaintiff